## LAIRD v. INDEMNITY MUT. MARINE ASSUR. CO.

*(Circuit Court, S. D. New York.  December 29, 1890.)*

FEDERAL COURTS—JURISDICTION—SUITS BY ASSIGNEE.

An action to recover on an insurance policy, and to reform the same, is an action "to recover the contents of a chose in action," within the meaning of Act Cong. March 3, 1887, providing that the federal courts shall not take cognizance of such actions when brought by an assignee, unless such suit could have been prosecuted in such courts if no assignment had been made; and, where both plaintiff's assignor and defendant are aliens, and no federal question is involved, the circuit court will decline jurisdiction.

On Motion to Remand to State Court.

Act Cong. March 3, 1887, provides, *inter alia*, that the circuit and district courts shall not take cognizance of actions "to recover the contents * * * of any chose in action in favor of any assignee," unless such courts would have had jurisdiction of such actions before the assignment was made.

*Carpenter & Mosher*, for plaintiff.

*Butler, Stillman & Hubbard*, for defendant.

LACOMBE, Circuit Judge.  This is an action to recover upon a contract of reinsurance, and for reformation of the policy, if necessary.  It is therefore an action "to recover the contents of a chose in action."  *Shoecraft* v. *Bloxham*, 124 U. S. 730, 8 Sup. Ct. Rep. 686.  The plaintiff is an assignee of the chose in action, and as, under the authorities, he is not within the exception of the first section of the act of 1887, this court can have no cognizance of his suit thereon, unless such suit might have been prosecuted here if no assignment had been made.  *Simons* v. *Paper Co.*, 33 Fed. Rep. 193; *Newgass* v. *New Orleans*, 33 Fed. Rep. 196; *Rollins* v. *Chaffee Co.*, 34 Fed. Rep. 91; *Wilson* v. *Knox Co.*, 43 Fed. Rep. 481.  His assignor is an alien corporation, and so is the defendant.  No federal question is involved, and the suit could not have been prosecuted in this court between the original parties to the contract upon any theory of diverse citizenship, as neither of them is a citizen of any state of the federal Union.  *Hepburn* v. *Ellzey*, 2 Cranch, 446; *Rateau* v. *Bernard*, 3 Blatchf. 244.  Under the act of 1875 it was held that the restriction applicable to original suits by assignees was not applicable in cases brought originally in the state courts, and removed thence to a federal court.  *Claflin* v. *Insurance Co.*, 110 U. S. 81, 3 Sup. Ct. Rep. 507; *Rosenbaum* v. *Insurance Co.*, 37 Fed. Rep. 724.  This was upon the ground that "the exception out of the jurisdiction, as to suits begun in the circuit courts, contained in the [first section,] did not by its terms, nor by the immediate context, apply to suits begun in the state courts, and afterwards removed to the circuit courts."  Under the act of 1887, (1888,) however, the second section of which provides for removal of causes when a federal question is not involved, and when no prejudice or local influence appear, is specially restricted to suits "of which the circuit courts of the United States are given jurisdiction by the preced-

ing section," and by the preceding section, (section 1,) such courts are not given jurisdiction of a suit to recover the contents of a chose in action in such a case as this.    There must be a remand to the state court.