BANK OF BRITISH NORTH AMERICA *v.* BARLING *et al.*

*(Circuit Court, N. D. California.* February, 1891.)

BILL OF EXCHANGE—JURISDICTION OF FEDERAL COURT.
    A bill of exchange drawn by a corporation in favor of itself, and by it indorsed in blank, is payable to bearer, within the meaning of the statute restricting the jurisdiction of circuit courts in actions on negotiable instruments.

At Law.
*C. P. Pomeroy,* for plaintiff.
*J. T. Goodfellow,* for defendant Eva.

HAWLEY, J., (*orally.*) This is an action to recover from the defendants, as stockholders in the Alaska Improvement Company, (a California corporation,) the proportionate part of three certain inland bills of exchange drawn by said corporation, and is based upon the provisions of section 322 of the Civil Code of California, which provides that "each stockholder of a corporation is individually and personally liable for such portions of its debts and liabilities as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation, and for a like proportion only of each debt or claim against the corporation." The bills were drawn by the corporation, and were made payable to its own order, on the firm of William T. Coleman & Co., and prior to their delivery were indorsed in blank by said corporation. After delivery, and before maturity, W. T. Coleman & Co., at the city of Vancouver, British Columbia, transferred and delivered them to the plaintiff, a foreign corporation. The bills, not having been paid at maturity, were protested, and notice given to the Alaska Improvement Company. This action was thereupon instituted against defendants. The defendants demur to the complaint upon the ground that this court has no jurisdiction of the person of the defendants or the subject of the action, in this:

"That the plaintiff sues as an assignee of a chose in action, to-wit, bills of exchange, which were drawn by a domestic corporation in favor of itself on William T. Coleman & Co., who were citizens and residents of the state of California; the drawer, drawee, and payee of each of said bills of exchange being citizens and residents of the state of California."

The statute relative to the jurisdiction of the circuit court, in actions of this character, reads as follows:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made."

If this action is to be considered as an action by an assignee to recover the contents of a chose in action, then the first question to be determined is whether the bills of exchange are choses in action, payable

to bearer. The rule in regard to commercial paper is to the effect that a bill or note made by a person payable to himself or to his order, if indorsed by him and delivered to another person, becomes, in legal effect, payable to the bearer, and may be so treated and declared on. They are designed to enable the holder to pass them without indorsement, and it seems to be simply a roundabout way of making the bill or note payable to bearer. Tied. Com. Paper, § 20; Daniel, Neg. Inst. § 130; *Bank* v. *Alley*, 79 N. Y. 536. In Tiedman on Commercial Paper the author says:

"In order that commercial paper may be negotiated without indorsement, and the consequent liability of indorsers, and yet avoid the commercial discredit of an indorsement 'without recourse,' it has become quite common for bills and notes to be made payable to the order of the drawer or maker, so that the named payee is the same person as the drawer or maker. The drawer or maker then indorses it in blank, and it is then transferred as if it had been made payable to bearer. Of course, two parties, distinct and separate, are as necessary to the negotiation of a bill or note as they are to the making of any other contract. In consequence of this necessity, it was once supposed that a note or bill would be invalid if the payee and the maker or drawer were one and the same person. But while it is manifest that such a bill or note is valueless, until it has been transferred by indorsement to another person, because there has been no delivery, and consequently not a complete contract, as soon as it has been indorsed and delivered to the purchaser there are two distinct, separate parties to the contract, and the paper may be sued on as if originally made payable to bearer."

In the light of these authorities, I am of opinion that the bills of exchange must be treated and considered as having been made payable to bearer, and, having been made by a corporation, it follows that this court has jurisdiction of the case by the express provision of the statute above cited. *Newgass* v. *New Orleans*, 33 Fed. Rep. 196; *Rollins* v. *Chaffee Co.*, 34 Fed. Rep. 91; *Wilson* v. *Knox Co.*, 43 Fed. Rep. 481; *Barnum* v. *Caster Co.*, 34 Fed. Rep. 91. This conclusion is not, as argued by defendant, opposed by any principle announced in *Rollins* v. *Chaffee Co.* There the court said:

"The warrants being payable to the order of a person named therein, and passing only by indorsement, in the absence of averment that the assignors were qualified to sue in this court, we are without jurisdiction."

In that case the warrants were not made payable to the maker, and by it indorsed, but were made payable to another person. Here the bills were made payable to the maker, and by it indorsed in blank, and then delivered, and the bills, as thus delivered, under the rules applicable to commercial paper, must be treated as having been made payable to bearer. This case comes within the rule of *Barnum* v. *Caster Co.*, *supra*, where "the warrants, being payable to bearer, and made by a corporation, appear to be within the exception of the statute." The demurrer is overruled.