## WACHUSETT NAT. BANK v. SIOUX CITY STOVE WORKS.

(Circuit Court, N. D. Iowa, W. D. May 20, 1893.)

FEDERAL COURTS—JURISDICTION—ACTION BY ASSIGNEE OF NOTE.

The provision that the federal courts shall not have jurisdiction of an action on a promissory note, or other chose in action, by an assignee thereof, unless the action might have been maintained in such courts if no assignment or transfer had been made, (Act Aug. 13, 1888; 25 Stat. 433,) does not apply to the indorsement and transfer by the payee of notes which were made to him merely that he might, as agent of the maker, raise money for it by negotiating them with third persons. Holmes v. Goldsmith, 13 Sup. Ct. Rep. 288, 147 U. S. 150, followed.

At Law. Action by the Wachusett National Bank against the Sioux City Stove Works on certain promissory notes. Heard on demurrer to the petition. Overruled.

Swan, Lawrence & Swan, and Wm. Milchrist, for plaintiff.
Wright & Hubbard, for defendant.

SHIRAS, District Judge. From the record in this case it appears that the plaintiff is a corporation created under the national bank act of the United States, doing business at Fitchburg, Mass., and the defendant is a corporation created under the laws of the state of Iowa, and carrying on business at Sioux City, in said state. The suit is an action at law, aided by the issuance of a writ of attachment, and based upon three promissory notes, each for the sum of $5,000, and coming due, one on the 7th, one on the 8th, one the 9th day of August, 1893. The action was brought under the provisions of the Code of Iowa authorizing the bringing an action before the maturity of the debt where nothing but the lapse of time is needed to fix an absolute indebtedness, and the defendant has disposed, or is about to dispose, of his property, in whole or in part, with the intent of defrauding creditors. The promissory notes sued on are each made payable to the Union Loan & Trust Company, a corporation created under the laws of the state of Iowa; and the demurrer presents the question whether, under the facts set forth in the petition, this court can rightfully take jurisdiction of the case. It is averred in the petition that the defendant company wished to provide for the renewal of notes shortly to mature, which were not owned by the plaintiff, or the Union Loan & Trust Company, and to that end it executed, and placed in the hands of the trust company, 10 notes, for $5,000 each, and payable to the order of the Union Loan & Trust Company. That no consideration was paid and no credit was given therefor by the trust company when the notes were delivered to it. That in accordance with the course of dealing between the parties the trust company undertook to negotiate these notes with eastern parties, and did so negotiate three of the same with the Wachusett National Bank, and upon the delivery of the notes indorsed the same in the following form: "Pay to the order of Wachusett Nat. Bk., Fitchburg, Mass. Protest waived. Union Loan & Trust Co., E. R. Smithe, Secy. & Treas." That on the 7th of March, 1893, the trust

company, having previously received the money from the Wachusett bank, gave credit to the defendant company for the amount thereof.

From the averments of the fact contained in the petition, and which are admitted by the demurrer, it appears that the Union Loan & Trust Company never held any cause of action, evidenced by the notes sued on, against the defendant company. There never was a time when the trust company could have maintained an action on the notes against the maker thereof, for it never advanced any money thereon, nor did it ever agree or promise so to do, nor were the notes executed as evidence of an indebtedness arising out of any past transactions. The facts show that the trust company was only a nominal payee, and the delivery of the notes to it did not create any indebtedness on part of the defendant, nor vest in the trust company a right of action against the defendant. The notes were delivered to the trust company, not as evidence of an existing debt, but for the purpose of having the trust company negotiate the same with third parties, and if the trust company had failed to negotiate the same the notes would not have represented any actual indebtedness on part of the defendant, nor could the trust company have maintained an action thereon. It was the payment of the money by the Wachusett Bank that created a right of action against the defendant, but this right of action never belonged to the trust company, and did not pass by assignment from it to the plaintiff bank. Under these circumstances the question arising on the demurrer is whether the case falls within the prohibition contained in the act of August 13, 1888, (25 Stat. 433,) which declares that the courts of the United States "shall not have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action, in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

In the case of Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. Rep. 288, the rule of construction applicable to this clause of the act of 1888 is given under a state of facts not greatly dissimilar from those of the case at bar. In that cause the suit was based upon a note executed by M. B. Holmes, John Dillard, and R. Phipps, citizens of the state of Oregon, payable to the order of W. F. Owens, a citizen of Oregon, and by him indorsed to L. Goldsmith and Max Goldsmith, citizens of the state of New York. Suit was brought in the United States circuit court, in the district of Oregon, by the Goldsmiths, against Holmes, Dillard, and Phipps, it being averred in the petition that the defendants executed the note for the accommodation of Owens, to enable him to procure a loan thereon; that Owens was in fact maker of the note, and never had any cause of action thereon against the defendants. It will be observed that in form the note sued on in that case, and in the one now before the court, are identical. In both cases the plaintiffs sue the makers of the notes, and in both cases the payee named in the notes is a citizen of the same state as the defendants. The supreme court, in the case cited, held that upon the question of

jurisdiction it was permissible to show, by parol testimony, what relation the parties really held to the contract sought to be enforced; that the spirit and purpose of the restrictive clause in the statute were to prevent the making of assignments of choses of action for the purpose of giving jurisdiction to the federal court, where such jurisdiction would not exist as between the original parties to the contract; and, finally, "that the jurisdiction of the circuit court in the case before us was properly put by the court below upon the proposition that the true meaning of the restriction in question was not disturbed by permitting the plaintiff to show that notwithstanding the terms of the note the payee was really a maker or original promissor, and did not, by his indorsement, assign or transfer any right of action held by him against the accommodation makers." In that case the facts showed that the payee named in the note never had a cause of action against the makers, and therefore, by his indorsement of the note, he did not in fact assign or transfer a right of action, and hence it was held that the case was not within the inhibition of the statute. In the case at bar it clearly appears that the Union Loan & Trust Company never had a right of action against the makers of the notes, upon the face of which it is named as payee. By indorsing the notes it did not assign any cause or right of action held by it, and therefore the transaction does not come within the purview of the statute, which is intended to prevent the acquisition of jurisdiction by the federal courts through the transfer of rights of action by parties who could not come into these courts to parties who possess the requisite citizenship. Under the facts averred in the petition no cause or right of action against the defendant company arose upon the notes executed by it until the plaintiff bank advanced the money thereon, and the right of action then created never was vested in, or belonged to, the Union Loan & Trust Company. That company acted as the agent for the defendant in procuring the loan, and in transferring the notes to the plaintiff it did not assign a cause of action held or owned by it. I am not able to perceive any substantial difference between this case and that of Holmes v. Goldsmith, and the reasoning that sustained the jurisdiction in that case must have the same result when applied to the facts in this case, and as a necessary consequence the demurrer must be, and is, overruled.