## QUINLAN v. CITY OF NEW ORLEANS.[1]

### (Circuit Court, E. D. Louisiana. February 10, 1897.)

### No. 12,501.

JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP—ASSIGNEE OF CHOSE IN ACTION.

Under section 1 of the judiciary act of 1887–88 a circuit court of the United States, where the requisite diversity of citizenship exists between the parties, has jurisdiction of an action by an assignee on a chose in action payable to bearer, and made by a resident municipal corporation, without regard to whether the assignor could have maintained the suit.

This was a suit brought by Mary Quinlan against the city of New Orleans to recover on certain certificates of indebtedness, executed and issued by the city of New Orleans, and made payable to bearer. The city of New Orleans excepted to the jurisdiction of the court, on the ground that "plaintiff's petition contains no averment that this suit could have been maintained by the assignors of the claims or certificates sued upon by Mary Quinlan, and which form the basis of this action." On the argument of the exception, the counsel for the city of New Orleans contended that the plaintiff should have alleged that the assignors of the certificates could have sued in the United States circuit court; and the further contention was made, on behalf of the city of New Orleans, that, even if, under section 1 of the act of March 3, 1887, a suit may be brought in the United States circuit court on a chose in action payable to bearer, and made by a corporation, without alleging that the assignor could have brought such suit,

[1] Affirmed on error. See 19 Sup. Ct. 329.

this suit should be dismissed for want of jurisdiction, because the statute just mentioned refers to nonresident, and not to resident, corporations. City of New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, was relied upon by the counsel for the city of New Orleans as sustaining his contentions. The exception was overruled by the court.

Charles Louque, for plaintiff.
W. B. Sommerville, for defendant.

PARLANGE, District Judge (after stating the facts as above). In the leading case of Newgass v. City of New Orleans, 33 Fed. 196, Judge Billings—the circuit judge concurring—held that the proper construction of the first section of the act of congress of March 3, 1887, relative to suits brought by assignees of promissory notes and choses in action, is:

"That the circuit court shall have no jurisdiction [of such suits], * * * except over—First, suits upon foreign bills of exchange; second, suits that might have been prosecuted in such court, to recover the said contents, if no assignment or transfer had been made; third, suits upon choses in action payable to bearer and made by a corporation."

So that Judge Billings maintained the jurisdiction as to suits on choses in action payable to bearer, and made by the city of New Orleans; and he denied the jurisdiction as to suits on choses in action made by the city, but requiring assignment (i. e. not payable to bearer). Judge Billings' construction seems to have been adopted, without dissent. Rollins v. Chaffee Co., 34 Fed. 91; Laird v. Assurance Co., 44 Fed. 712; Justice Miller, in Wilson v. Knox Co., 43 Fed. 481; Bank v. Barling, 46 Fed. 357; Searcy Co. v. Thompson, 6 C. C. A. 674, 57 Fed. 1036; Nelson v. Eaton, 13 C. C. A. 523, 66 Fed. 377. City of New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, was a suit upon warrants payable to the order of certain persons, and upon other warrants which simply stated that the metropolitan police board was indebted to certain persons. See the warrants in 153 U. S. 419, 14 Sup. Ct. 908. While the warrants in the Benjamin Case were choses in action made by a corporation, yet, as they were not payable to bearer, the supreme court held (153 U. S. 433, 14 Sup. Ct. 912) that, to sue upon them, the assignee must bring himself within the above class 2 (i. e. he must allege that his assignor could have sued). As the board of metropolitan police was a Louisiana corporation, the Benjamin Case also virtually disposes of the contention that section 1 of the act of March 3, 1887, applies only to nonresident corporations. The exception to the jurisdiction is overruled.