### HOADLEY v. DAY et al.

(Circuit Court, N. D. Illinois, N. D.)

No. 25,192.

1. FEDERAL COURTS—JURISDICTION—SUIT TO COLLECT NOTES.

A suit to foreclose trust deeds securing notes, with relief incidental thereto, is one to collect the money due on the notes, within Act March 3, 1887, c. 373, 24 Stat. 552, and Act August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], relative to jurisdiction of federal courts.

2. SAME—ACCOMMODATION NOTES.

K. sold lots to D., taking back notes executed by D. to his own order, and by him indorsed, secured by trust deed on the lots. On the same day D. gave K. a quitclaim of the lots. S., the trusted agent of K., without K.'s knowledge, put up the notes with J. as collateral for a $1,000 note of which complainant was guarantor. The $1,000 note not being paid, M. caused the collateral notes to be sold, and complainant bought them. *Held*, that Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], providing that no federal court shall have jurisdiction of an action on a promissory note by an assignee thereof, unless the action might have been maintained in such court if no assignment or transfer had been made, do not deprive the court of jurisdiction of a suit by complainant to foreclose the trust deed; the notes secured thereby being accommodation notes, and K. being in legal effect the maker thereof; he also, in effect, having put them up as collateral; and complainant's title to the note of which she was guarantor being considered to have vested when the collateral was put up, so that the collateral notes are to be treated as made by K. to complainant.

Stillman & Martyn, for plaintiff.
Castle, Williams & Smith, for defendants.

KOHLSAAT, District Judge. One Friederick Kolze, who was the owner of certain lots in Cook county, Ill., sold the same to a man named Day through the agency of one Stade, his nephew, and took back as part of the purchase price nine notes for $600 each, secured by deed of trust upon said lots, in groups, viz., three groups of notes, each group including three of said notes, due respectively in one, two, and three years from November 17, 1897, secured by a separate deed of trust dated November 17, 1897, and acknowledged November 23, 1897, on a third of said lotes, or $1,800 in each incumbrance. Some time afterwards Stade caused Day to execute and deliver to him duplicates of said notes, or at least secured from Day copies thereof. The notes were executed by Day to the order of himself, and by him indorsed and delivered to Kolze, or to Stade for Kolze. Stade then took one set of the notes, and deposited them in the safety deposit box for Kolze, and proceeded to negotiate the other set. He placed the nine notes aforesaid on February 17, 1898,

with the Chandler Mortgage Company, as collateral security for the performance of a contract entered into by Stade with one Smith, under which Smith loaned Stade $1,000. Stade failed to pay the note according to its terms, and, also having failed to carry out the other provisions of the contract, Smith caused the said notes to be sold under the terms of his collateral note, and the same were bid in by complainant herein for $2,190, being the sum due Smith from Stade. There is nothing to show that Kolze had any knowledge of Stade's action, nor that Smith or Hoadley knew, or had any reason to suspect, the illegal character thereof. The master finds that the transaction on the part of Smith and Hoadley was in good faith. It further appears that on the same day in which Day executed the said notes and copies he reconveyed said lots by quitclaim deed to Kolze, who had been in possession of the farm continuously. Afterwards, Stade having disappeared, Kolze secured what he supposed to be the notes executed as aforesaid, through a third person, representing Stade, together with a release of the trust deed securing the same, which was recorded. Subsequently Kolze sold the premises to his daughter, taking from her notes secured on this land as part purchase price, and then died. These last-named notes are now held by his administrator.

Complainant, a citizen of Massachusetts, filed her three bills on May 29, 1899, to foreclose said three trust deeds. These suits were consolidated, and the cause was referred to the master, who found the issues for the complainant. Afterwards, and on exceptions to the master's report, the same were overruled, and the report confirmed. The matter comes on now to be heard upon the motion of defendants to dismiss the cause for want of jurisdiction, on the ground that Kolze and Day were both citizens and residents of this district at the time of the said transactions, and complainant, claiming as assignee of said notes, cannot maintain her suit here under clause 1 of the acts of 1887 and 1888 (Acts March 3, 1887, c. 373, 24 Stat. 552, and Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], in regard to jurisdiction of federal courts, which provide that neither the Circuit nor District Courts of the United States shall have jurisdiction "of any suit, except in foreign bills of exchange to recover the contents of any promissory note or other chose in action in favor of any assignee or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made." Some attempt is made by complainant to show that this is not a suit for the collection of the contents of the notes. It is a suit to foreclose the trust deeds. The other relief sought is incidental to that end, and so must be held to be a suit to collect the money due on the notes. Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Laird v. Indemnity Mut. Marine Assurance Co. (C. C.) 44 Fed. 712; Mexican National R. R. Co. v. Davidson, 157 U. S. 206, 15 Sup. Ct. 563, 39 L. Ed. 672. This being so, could Hoadley maintain this suit in this court, both Day and Kolze being citizens of Illinois? The courts have held in analogous cases that the act above set out would divest this

court of jurisdiction to entertain such a suit. In Shoecraft v. Bloxham, supra, suit was brought to enforce the performance of a contract. The court holds the term "contents" in the act covers the rights conferred by the instrument, which are capable of enforcement by suit. In Corbin v. County of Black Hawk, 105 U. S. 659, 26 L. Ed. 1136, the court held a suit to compel specific performance of a .contract, or to enforce its other provisions, to be a suit to recover the contents of a chose in action, and therefore not enforceable by an assignee in the federal court. In the case of Sheldon et al. v. Sill, 8 How. 441, 12 L. Ed. 1147, the complainant, a resident of the state of New York, filed his bill in the Circuit Court of the United States for the state of Michigan against the defendant to recover the amount of a bond and mortgage which had been assigned to him by the mortgagee, a resident of the state of Michigan. The court held that a debt secured by bond and mortgage was a chose in action, and that, therefore, where the mortgagor and mortgagee resided in the same state, and the mortgagee assigned the mortgage to the citizen of another state, this assignee could not file his bill of foreclosure in the Circuit Court of the United States. The 11th section of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 78) applies. The case of Deshler v. Dodge, 16 How. 622, 14 L. Ed. 1084, holds that the statute applies where suit is brought to enforce the contract contained in the instrument assigned. In Sere v. Pitot, 6 Cranch, 332, 3 L. Ed. 240, the court holds that an assignment by operation of law does not take the case out of the statute. There, are, however, exceptions to the rule. In Young v. Bryan, 6 Wheat. 146, 5 L. Ed. 228, and Mollan v. Torrance, 9 Wheat. 937, 6 L. Ed. 154, the Supreme Court hold that an indorsee could maintain a suit against an indorser, provided the necessary diversity of citizenship existed, whether or not suit could have been brought against the maker. To the same effect is City of Superior v. Ripley, 138 U. S. 93, 11 Sup. Ct. 288, 34 L. Ed. 914. These cases proceed upon the theory that the indorsee does not claim through an assignment, but upon a new contract. In Bushnell v. Kennedy, 9 Wall. 387, 19 L. Ed. 736, it is stated that the denial of jurisdiction of suits by assignees has never been taken in an absolutely literal sense. This is approved in Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288, 37 L. Ed. 118. This was a case based upon the following facts: Holmes and others executed and delivered to Owen their joint note for $10,000. On the day of its date Owen indorsed the note, and delivered it to Goldsmith, and received the money upon it. The .complainant alleged that it was a loan from Goldsmith to Owen; that the makers executed the note in order that Owen could procure the loan; and that Owen was in fact a maker thereof to Goldsmith, and never had any cause of action thereon against the makers. The court holds that the true meaning of the restriction in the acts of 1887 and 1888. was not disturbed by permitting Goldsmith to show that, notwithstanding the terms of the note, the payee was really a maker or original promisor, and did not, by his indorsement, assign or transfer any right of action held by him against the accommodation makers. It was held in Bank v. Sioux City Stone Works (C. C.) 56 Fed. 321, that where the maker

executed notes to the payee, who immediately indorsed the same over to a party who advanced the money to the indorser therefor, which money the indorser thereupon paid over to the maker, the indorser held as assignee under the strict letter of the act, but, inasmuch as the transaction was really between the maker and the indorsee, the court had jurisdiction, following the Goldsmith Case. There was, says the court, no intermediate party between the plaintiff and the defendant; i. e., the maker and the indorsee. There is in the decisions some general reference to the doctrine that the reason of the restriction of the statute was to prevent parties from transferring notes and choses in action to nonresidents for the purpose of giving federal courts jurisdiction, and that in cases where the reason no longer exists perhaps the strict rule should be modified, but the courts do not go to the extent of so holding, and the rule must be considered as rigidly adhered to in all cases coming within its terms. It will be noticed that the acts of 1887 and 1888 were passed for the purpose of narrowing the jurisdiction of federal courts, and this provision should be construed with that tendency in view.

Restating the facts in this case, we find that the notes were indorsed in blank; that on the day they were executed and delivered —November 23, 1897—the maker, Day, reconveyed the real estate on which they were secured, and which constituted the consideration for them, to the payee, Kolze, who had remained in possession of the land. On October 27, 1898, the trust deeds securing said notes were released, and the notes of Day (not the genuine notes, however, for the purposes of this proceeding) canceled. The notes in suit were on February 17, 1898, put up as collateral to the $1,000 note made by Stade. April 21, 1899, complainant, who was guarantor of said $1,000 note, bought the said collateral, being the nine notes in suit. No question is now before the court as to the validity of her title thereby acquired. Thus at the time this suit was begun, Kolze was the owner of the land. It must be borne in mind that the notes in suit were used as collateral by Stade, Kolze's trusted agent, and that, for the purposes of this proceeding are to be dealt with as though Kolze himself had put them up as collateral. If this be so, then the transaction was between Kolze and complainant's assignor. The fact that the notes were placed as collateral to Stade's note for $1,000, upon which note complainant was an indorser or guarantor, would give complainant the right to be protected to the extent of her liability as indorser, so that under the circumstances of the case her title to the note should vest as of the date when the notes were put up as collateral. This being so, the deal was between her and Kolze.

Under the decisions above quoted, I am of the opinion that the circumstances of this case give jurisdiction to this court to entertain the cause. The subsequent conveyances of the lots could have no effect upon complainant's right to have the release set aside, since it was obtained in fraud.