## Webb v. Southern Trust Company.

(Decided December 18, 1928.)

PETRIE & STANDARD for appellant.

SELDEN Y. TRIMBLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On June 1, 1923, H. E. Webb executed to the Southern Trust Company a mortgage on his land to secure $43,000, evidenced by notes for that amount payable ten years after date, with interest at 5½ per cent., payable semiannually. He also executed another note for $1,200, secured by a second mortgage on the same land in the same transaction. The second note bore interest at 6 per cent. The consideration really paid Webb for these notes was in all $42,050. After the loan had run about three years, Webb was behind with the interest, and the company was threatening to sue and foreclose the mortgage. Webb then borrowed the money from another company, and paid off the mortgages with interest to that time, amounting to $51,877.30, and in addition thereto he paid $250, which the company charged for the release of its contract running ten years. Within a year after this payment was made, Webb brought this action to recover of the trust company, charging that $2,053.39 was collected from him as usury over and above what he owed. Proof was taken; the circuit court gave judgment against Webb, dismissing his petition. He appeals.

These questions arise on the appeal: (1) Had the Todd circuit court jurisdiction of the action? (2) Was the original contract usurious? (3) Was the cancellation charge usurious or without consideration

■ Webb signed a writing in Todd county by which he employed the Southern Trust Company as his agent for the purpose of securing for him the loan in question, it to have the property appraised by an appraiser, have the title examined and an abstract made, and also prepare the mortgage and notes. By this contract he agreed to pay the company a commission of 5 per cent. on the amount of the loan. The company in Louisville prepared the papers, then had the title examined and had the land appraised, and sent the papers to Webb in Todd county to be executed. He there signed the notes and acknowledged the mortgages. The mortgages were recorded. The company then sent him a check for the money which was delivered to him in Todd county. Before the transaction was concluded, the president of the company came

to Todd county, examined the property, and made some changes in the writing before it was signed by Webb. On these facts the contract was made in Todd county, for not only was the money paid there, but the mortgages and notes were executed there, and the contract first became binding when Webb signed and delivered the papers in Todd county. But it is insisted for appellees that Webb's action is for money paid as usury in Louisville, and that this cause of action is not upon the contract made in Todd county, but a cause of action in assumpsit, arising upon the payment in Louisville three years later. By section 72 of the Code an action against a corporation may be brought in the county in which its place of business is situated or in which its chief officer resides, or, if it be upon a contract, in the county in which the contract is made or to be performed. The place of business of the trust company is in Louisville. Its chief officer resides there. The only ground upon which jurisdiction in the Todd circuit court may be maintained is that this is an action upon a contract which was made or to be performed in Todd county. In Louisville Savings, Loan & Building Ass'n v. Harbeson, 51 S. W. 787, 21 Ky. Law Rep. 278, the association was doing business in Louisville. It lent money to a number of people in Fleming county, who brought suits to recover money they had paid as usury. Holding that the Fleming circuit court had jurisdiction, the court said:

> "The suits of the various plaintiffs in the Fleming circuit court are for the recovery of usury growing out of contracts of borrowing and lending made in that county. They are based on the implied obligation resting on the lender to repay to the borrower any excess of legal interest collected. These contracts were made in Fleming county, and under Civil Code of Practice, sec. 72, the actions are maintainable in the Fleming circuit court."

This is, in substance, a suit upon the contract to recover money exacted from the plaintiff under the contract in order for him to secure a release of the mortgage. The court must look at substance and not form. The mortgage was released in Todd county upon the payment of the money. The rights of the parties here turn on the contract between them. The action is, in substance, one to determine and define the rights of the parties under

the contract. The Todd circuit court therefore properly took jurisdiction.

█ Five per cent. on $43,000 is $2,150. The note due in ten years bore interest at 5½ per cent., and interest at one-half of 1 per cent. for ten years is $2,150. So appellee maintains that no usury was charged, but only 6 per cent. interest. But the $2,150 was taken out when the loan was made, and, while the payment of interest in advance in short time loans has not been held usurious, the general rule is that this rule does not apply to loans running for many years. To illustrate, in this case the interest for ten years would be 60 per cent of the principal, and on $2,150 would be $1,290. To allow the interest to be taken out in advance on long-time loans like this would be a violation of the letter and spirit of the statute, and this is the clear weight of authority. 27 R. C. L. pp. 225-227, secs. 26, 27; 39 Cyc. pp. 948. 958.

Appellee insists that the $2,150 was paid it as commissions for procuring the loan. But it could not procure a loan from itself and charge commission for so doing. 27 R. C. L. p. 237, sec. 38. The question therefore to be determined is: Did the trust company lend the money. The facts are undisputed. The trust company was not in the business of lending money. Its business was that of procuring loans on farm mortgages. It simply acted as a go-between and in fact was the correspondent of a number of corporations lending money, one of which was the Metropolitan Life Insurance Company, with which it had a written contract to act for it. By this contract the life insurance company reserved the right not to take a loan unless satisfactory to it. The mortgages were made July 16th. The money was sent to Webb a few weeks later, and the mortgage was assigned to the Metropolitan Life Insurance Company August 14th. The trust company did not know positively that the Metropolitan would take the loan until the Metropolitan approved it, but it made the loan and advanced the money, expecting the Metropolitan to approve the contract, and, if the Metropolitan had declined to do this, it would then have placed the loan with one of its other correspondents. But it is clear from all the proof that it had no intention of lending the money itself. It only advances it temporarily to get the transaction closed. None of the interest was in fact paid to it. The notes and interest were payable at its office, and it was

the agent of the Metropolitan to collect the money for it, and, though it received the money, it was in fact received as the agent of the Metropolitan. The transfer to the Metropolitan was of record just as the mortgage was of record. The written contract which Webb made simply employed the trust company as his agent to secure the loan for him, and for its services he agreed to pay it 5 per cent. Under all the facts the court cannot say that this was a mere device to evade the usury laws. On such questions the court gives considerable weight to the finding of the chancellor. Plainly it cannot be said that the finding of the chancellor is against the weight of the evidence. It has been often decided that a contract to pay brokerage fees for securing a loan is not usurious. Union Central Life Ins. Co. v. Edwards, 219 Ky. 748, 294 S. W. 502; 27 R. C. L. 235-237.

■ The Metropolitan Insurance Company had lent its money for ten years at 5½ per cent. At the request of the defendant when he was behind with the interest, it agreed with him to release the mortgage upon the payment of the debt and interest plus $250. The defendant had no right to demand then that the company should release its mortgage. Under its contract, it was entitled to interest on the money at 5½ per cent. for seven years longer, and the release of this right was a sufficient consideration to support a promise to pay $250. This money was not paid as interest on the loan. It was paid to secure the release of a contract. This was not a payment of usury. Money was lending at 5½ per cent. when the original loan was made. The interest rate when the release was made was only 5 per cent. $250 was a reasonable consideration for the release of the contract. It was paid to the trust company, but it was collected by it under its contract with the insurance company.

Judgment affirmed.