## ROMMEL et al. v. METROPOLITAN LIFE INS. CO.

### No. 6615.

Circuit Court of Appeals, Sixth Circuit.
May 11, 1934.

James W. Stites and Trabue, Doolan, Helm & Helm, all of Louisville, Ky., for appellants.

David R. Castleman and Edward S. Hungarland, both of Louisville, Ky., for appellee.

Before HICKS and SIMONS, Circuit Judges, and RAYMOND, District Judge.

RAYMOND, District Judge.

Appellants, as defendants below, have appealed from a decree of foreclosure entered upon an amended petition filed by appellee as assignee of a note and mortgage given by appellants to the Southern Trust Company. All the original parties to the note and mortgage were residents of Kentucky. The trial court denied a motion to dismiss for want of jurisdiction, and defendants declined to plead further. No testimony appears in the record. The only error assigned is that the District Court erred in overruling the motion to dismiss. The motion was based upon section 24 of the Judicial Code (28 USCA § 41), the pertinent portion of which reads: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

The motion was founded upon the sole ground that: "The bill shows on its face that the complainant is the assignee of the Southern Trust Company, a Kentucky corporation, and the defendants are each of them citizens of Kentucky, and said Southern Trust Company could not have prosecuted suit upon the said claim in this court and, therefore, its assignee cannot do so."

Appellants were silent as to proofs in support of their motion, and must be regarded as basing right to dismissal upon the claim that want of requisite diversity of citizenship to give jurisdiction is apparent on the face of the petition. See Southern Pacific Company v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942. Upon motion to dismiss, facts properly pleaded are taken as admitted. In the case of Ansehl v. Puritan

Pharmaceutical Co. (C. C. A. 8) 61 F.(2d) 131, 133, it was said: "Since such a motion to dismiss has taken the place of a demurrer, it is elementary that it admits all material facts well pleaded in the complaint, that only defenses in point of law appearing upon the face of the complaint may be considered, and that, unless it is clear that, taking the allegations to be true, no cause of action in equity is stated, the motion should be denied."

The parties are in accord upon the legal principles involved. To the general rule that an assignee of a note and mortgage may not bring suit thereon in cases where the original makers and payee are citizens of the same state, appellants recognize the well-established exception that it may be shown by pleading and proof that the real relation of the parties is not as appears from the face of the papers, and that, where it is shown that the assignee is in reality the person in whose favor the instrument was executed, jurisdiction may attach, notwithstanding the assignment and the quoted provisions of the statute. Instances of recognition of this exception are numerous. See Holmes v. Goldsmith, 147 U. S. 150, 13 S. Ct. 288, 37 L. Ed. 118; Blair v. City of Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801; Citizens' Savings Bank & Trust Co. v. Sexton, 264 U. S. 310, 44 S. Ct. 338, 68 L. Ed. 703; Wachusett National Bank v. Sioux City Stove Works (C. C.) 56 F. 321; Hoadley v. Day (C. C.) 128 F. 302; Kirven v. Virginia-Carolina Chemical Co. (C. C. A. 4) 145 F. 288, 7 Ann. Cas. 219; Baltimore Trust Co. v. Screven County (D. C.) 238 F. 834; Commercial Trust Co. v. Laurens County (D. C.) 267 F. 901; Skelly Oil Co. v. Cassidy (C. C. A. 8) 298 F. 699; Hirsch v. Stone (C. C. A. 5) 62 F.(2d) 120. Appellants' sole contention is that the facts well pleaded in the amended petition show that appellee was not the real payee of the note, but, on the contrary, that the Southern Trust Company was not only the payee but was a holder for value, and that, even if the trust company had only a lien on the note, it would still have such a beneficial interest therein as to take the case out of the exception to section 24 of the Judicial Code.

This contention might be of persuasive force were it not for the import of the following allegations of fact which are well pleaded in the amended petition: That for many years the Southern Trust Company of Louisville, Ky., had been acting as financial correspondent for the appellee; that through the Southern Trust Company appellee has invested several millions of dollars in notes se-cured by mortgages on real estate located in Kentucky; that the rules and conditions adopted by appellee for placing loans were that all such loans would have to be closed and all sums of money necessary for that purpose advanced and the necessary papers recorded evidencing appellee's ownership of the loans before the same were submitted to it for approval and the payment of the purchase price therefor; that appellants by written contract employed the Southern Trust Company as their agent to sell for their use and benefit the mortgage note here sued upon to be executed by them and secured by a mortgage lien upon the real estate described; and that the contract provided that the services to be rendered by the trust company should involve appraisement, supervision of preparation, and examination of abstract and of execution of mortgage and note, recording of papers, warrant to lender, if necessary, that the papers were a first lien of record, the advancement temporarily of money upon said securities up to the sum representing the net proceeds of the sale, the securities in such case to be retained by the trust company as collateral security for such advancements, with the provision that upon the sale of the securities the trust company would reimburse itself for such advancements with interest. It is also alleged that the agreement contained the following further provisions:

"It is understood and agreed that said mortgage, or deed of trust, notes and other papers are to be made payable to the order of the Southern Trust Company for the purpose of selling the same for the borrower, and that said Trust Company is to assign the same to the lender, or lenders, when the same are sold.

"I agree to pay to the said Southern Trust Company for its services in handling and selling said securities the amount of $40.00 per each $1000 of the loan.

"I agree to accept said loan as soon as same is procured, but if a different amount is procured, I am to have the privilege of either accepting or rejecting the loan. If, for any reason, I refuse to accept a loan voted for the amount applied for, or, if after acceptance on my part of the amount voted, I should refuse to accept the same, or to sign, or to have signed, the papers as prepared, I agree to make the payment of $50.00 per $1,000 the same as though the loan had actually been closed."

The petition further alleges that the defendants at all times intended and expected to sell the note to the plaintiff through their

834

agent, the Southern Trust Company, which was never the owner of said note or the holder thereof except as an agent for the defendants, and as collateral security for the advancements made by it in order to comply with the rules adopted by plaintiff for mortgage loans; that the sole relation of the Southern Trust Company to said sale was that of broker, holding said note in temporary pledge to secure advancements made by it as aforesaid.

The actual identity of the owner of the note and mortgage at all stages of the transaction is a paramount consideration to determine the issue. It is significant that there is nothing in the allegations to justify a finding that the principals involved were other than the plaintiff and defendants. The obvious interest of the trust company was to collect a commission. It may well be concluded that it was acting as agent or representative of both parties, but with the knowledge of both that it was so acting. It is clear that it never intended to loan its money to defendants or to become owner of the mortgage and note.

Had the insurance company failed to approve the loan, the right of action of the Southern Trust Company against the Rommels, in the absence of a new arrangement between the trust company and defendants, would have been upon the contract of employment executed by defendants, and not upon the note and mortgage here sued upon. The cause of action against defendants which was assigned to plaintiff was not the one which belonged to the Southern Trust Company. It was one in which it had acted merely as agent for the maker in negotiating the note and mortgage to the plaintiff and in which it had no beneficial interest other than to secure itself for temporary advancements and for commissions.

The Supreme Court of Kentucky in the case of Webb v. Southern Trust Company, 227 Ky. 79, 11 S.W.(2d) 988, 989, construed a like contract as creating the relation of principal and agent between the trust company and the borrower, and not that of debtor and creditor. In interpreting the contract, the court said: "But it is clear from all the proof that it had no intention of lending the money itself. It only advances it temporarily to get the transaction closed."

The loosely formed agency relationships continually being entered into are bound to lead to confusion, and, in cases like the one at bar, courts must not be deceived by mere face value of documents or blinded by the circumstance of formal ownership, but must look freely behind the wall of record title into the realm of actual ownership. In doing this in the present case, we are confronted with silence on the part of appellants, and are confined to the facts well pleaded. It is our view that these facts with the necessary deductions therefrom indicate ownership first in appellants and secondly in appellee, and that it was not intended by appellants in executing the documents in question to vest any beneficial interest thereto in the trust company. This brings the case clearly within the exception to the rule recognized by the authorities above cited.

The decree of the court below is affirmed.