KILDARE LUMBER CO. v. NATIONAL BANK OF COMMERCE et al.[1]

(Circuit Court of Appeals, Fifth Circuit. May 7, 1895.).

No. 350.

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP—ARRANGEMENT OF PARTIES.
    A Texas corporation gave a trust deed to secure its notes to several par-
ties.  By inadvertence in naming the place at which the trustee was author-
ized to make sale in case of default, he was disabled from legally selling
the property under the state statutes.  Default having been made upon the
notes held by one of the parties, the latter filed a suit to foreclose the trust
deed, joining as defendants the trustee and one of the other beneficiaries
under the trust, who was also president of the defendant corporation.
Both of these persons were citizens of Texas, and it was contended by de-
fendant that their interests in the controversy was adverse to it;  that
they must therefore be considered as parties plaintiff;  and that the juris-
diction was consequently ousted.  For complainant it was claimed that the
trustee was a merely formal party;  that under the Texas decisions, he
was not even invested with the legal title, and was not a necessary party;
and that the jurisdiction was not affected by his citizenship;  further, that
the claim of the other defendant was not in fact disputed by the defendant
corporation, and that he in truth joined with it in fighting plaintiff's claim.
Held, that the court had jurisdiction.

2. CONSTRUCTION OF CONTRACT.
    Certain creditors of an insolvent corporation purchased its property at
judicial sale, agreeing among themselves to form a new corporation, by
which their debts were "to be paid" by the issuance to each of them of 60
per cent. of their claims in stock, and by giving the new company's notes
for the remainder, secured by a trust deed.  The arrangement was carried
out, and the new company having defaulted upon the notes given to one
party, he sued to foreclose the trust deed.  Held, that the fact that he had
not surrendered his old evidences of indebtedness was not a defense.

Appeal from the Circuit Court of the United States for the East-
ern District of Texas.

This was a bill in equity by the National Bank of Commerce of
Kansas City, Mo., against the Kildare Lumber Company (a corpora-

[1] Rehearing denied June 4, 1895, without an opinion.

tion of Texas) and W. R. Camp, George T. Todd, the Atlanta Bank (a Texas corporation), the Citizens' Bank of Jefferson (a Texas corporation), James H. Bemis, W. B. Ward and Louis S. Schluter,—all citizens of Texas. The bill was brought to foreclose a trust deed, and a decree was rendered below for complainant. The Kildare Lumber Company appeals.

In July, 1891, the Jefferson Lumber Company, a corporation organized under the laws of the state of Texas, became insolvent, and executed several deeds of trust, whereby it conveyed to W. R. Camp, trustee for the use and benefit of certain parties, therein named, as creditors of said corporation, all of its property. J. H. Bemis was at that time the president of said corporation, and the owner of nearly all of the stock in the same. At the time of the failure of this corporation, J. H. Bemis & Co., a firm composed of James H. Bemis and his two sons, Charles F. and William N. Bemis, also failed. At the time of said failures, the corporation and J. H. Bemis & Co. were indebted to the National Bank of Commerce of Kansas City, Mo., the complainant herein, in the sum of about $65,000. The Jefferson Lumber Company had been, for several years prior to its failure, engaged in the manufacture of lumber, and J. H. Bemis & Co. had been engaged in the business of lumber dealers. The indebtedness of the Jefferson Lumber Company and J. H. Bemis & Co. to the National Bank of Commerce of Kansas City, Mo., accrued by said bank, at the request of J. H. Bemis & Co., purchasing drafts drawn by J. H. Bemis & Co. on divers and sundry lumber dealers located at different points in the states of Kansas, Nebraska, Colorado, and the Indian Territory. These drafts were indorsed by the Jefferson Lumber Company, and accepted by the drawees respectively. Shortly after the failure of the Jefferson Lumber Company the Galveston National Bank brought suit in the district court of Marion county, Tex., for, and procured, the appointment of a receiver of the property of the Jefferson Lumber Company. In its complaint it attacked the validity of the deeds of trust executed by the corporation. The said district court did not adjudicate the questions involving the validity of the deeds of trust, but made an order directing the sale of the property, and appointing commissioners for that purpose, leaving the validity of the deeds of trust to be controverted by the beneficiaries therein named and purchasers at the sale. Just prior to the sale under this order, an agreement was entered into, by and between W. B. Ward (who, individually and as president of the Jefferson National Bank, represented claims amounting to about $90,000), J. M. Bemis (who held, or claimed to hold, a claim amounting to about $30,000), W. B. Chew (who represented a national bank at Houston, Tex., which was also a creditor of the Jefferson Lumber Company to a large amount), and Elijah Robinson (attorney for the complainant herein). This agreement was induced by a desire upon the part of these creditors to avoid the litigation which would necessarily result unless some such agreement should be entered into. By the terms of this agreement the parties were, in the event they should purchase said property, to form a corporation, which would buy from them the said property. The following is a copy of the agreement in full:

"This agreement, entered into this 3d day of May, 1892, between W. B. Ward, J. M. Bemis, W. B. Chew, and Elijah Robinson, witnesseth that, whereas the said Ward, Bemis, Chew, and Robinson have this day purchased, at sale by H. A. O'Neal, receiver of the Jefferson Lumber Company, all the property and effects of said company; and that, whereas it is proposed by the said Ward, Bemis, Robinson, Erastus Jones, and others, or their assigns, to organize a corporation under the laws of the state of Texas, and with a capital stock equal to $185,000 of the preferred claims against the Jefferson Lumber Company and the claims of the National Bank of Commerce of Kansas City, Mo., against said company, and the claim of said bank against J. H. Bemis & Co., and the claims of the National Bank of Jefferson against said lumber company, and the interest of all of said claims from maturity thereof, less 40 per cent. of the said claims of said National Bank of Commerce and said National Bank of Jefferson; and, whereas it is proposed by said Erastus Jones, J. M. Bemis, J. B. Alexander (or their assignee), Grigsby Bros., Sulphur Lumber

Company, Southern National Bank of New York, and W. B. Ward, to release and convey to said corporation, to be hereafter formed, all the property conveyed by the Jefferson Lumber Company, by deed of trust or otherwise, to them or to any other trustee for their benefit,—now, therefore, the parties hereto do hereby agree that, upon the confirmation of the said receiver's sale, and a conveyance being by said receiver made to them of the property by them purchased at the sale this day made, and upon the release and conveyance to said new corporation of all the property conveyed by deeds, deeds of trust, or otherwise, as hereinbefore mentioned, they, the said parties hereto, will convey to said new corporation all the right, title, and interest in them vested by said receiver's sale and conveyance, they to be paid for said property as follows: The said Chew is to be paid one-fourth of the amount bid for said property, to wit, one-fourth of $13,000, which is to be paid in cash. The said Ward is to be paid one-fourth of $13,000 in the note of said corporation, secured by a deed of trust on the property thereof, and, in addition thereto, the amount of the indebtedness of the Jefferson Lumber Company to the National Bank of Jefferson, and interest thereon, 40 per cent. of which is to be paid in the note or notes of said new corporation, secured by a lien on its property, and the other 60 per cent. in the stock of said corporation at par. The said Bemis to be paid one-fourth of $13,000 in the note or notes of said corporation, secured by a lien on its property, and in addition thereto a sum equal to the indebtedness of said Jefferson Lumber Company to him, mentioned in the general deed of trust executed by said Jefferson Lumber Company, and the interest thereon, which is to be paid in the stock of the new corporation at par. And for said Robinson's interest in said property there is to be paid one-fourth of $13,000, which is to be paid in the note or notes of said corporation, secured by a deed of trust on its property, and in addition thereto the amount of the claims of the National Bank of Commerce of Kansas City, Mo., against J. H. Bemis & Co., and its claims against the Jefferson Lumber Co., and interest on said claims, of which 40 per cent. is to be paid in the notes of said new corporation, secured by deed of trust on its property, and the remaining 60 per cent. in the stock of said new corporation, at par, the said note or notes to be payable to said National Bank of Commerce of Kansas City, Mo., and said stock to be issued to said bank or such person as it may direct. The said notes to be made by the new corporation are to be all on an equal footing, so far as the security is concerned,—that is, no note or notes to have a preference or priority over any other note or notes. And said notes are to be secured by deed of trust on all the property of said new corporation, unless the parties to whom the same may be made agree to take a deed of trust on a less amount of property. If said Erastus Jones, J. M. Bemis, J. B. Alexander (or his assignee), Grigsby Bros., Sulphur Lumber Co., Southern National Bank, W. B. Ward, or any of them, refuse or fail to execute for said new corporation releases and conveyance herein provided for, then this agreement is to be of no further force or effect. The stock mentioned herein as going to J. M. Bemis and W. B. Ward is to be issued to them, respectively, or to such person or persons as they may direct. Witness our names hereunto subscribed the day and year first above written.          Elijah Robinson.

              "W. B. Ward.
              "J. M. Bemis,
                 "By W. B. Ward, Agent.
              "W. B. Chew.

The notes to be given to the National Bank of Commerce for the forty per cent. of their claim (40 per cent.) shall be made in equal amounts, payable in 6, 12, and 18 months with six per (6) cent. per annum interest from date of note; and the other notes herein provided for are to bear 6 per cent. per annum interest from date of note, and run 4 and 6 months, with privilege of renewing.          Elijah Robinson."

A sale was had, and the property was bought in by the parties to the foregoing agreement, as provided therein. This sale was reported to and approved by the said district court; and, as soon as a deed was made by the commissioners, the new corporation was formed, and the purchasers conveyed to it the said property. A resolution adopted by the board of directors of the cor-

poration authorized the purchase of the property, and set forth the consideration to be paid therefor. The said consideration was to be paid partly in notes, secured by deed of trust on the property, and partly in stock of the corporation; that is, Ward was to receive notes secured by deed of trust, equal to one-fourth of the amount paid for the property at the commissioner's sale, and 40 per cent. of the claims which he represented against the Jefferson Lumber Company, and the stock of the corporation equal to 60 per cent. of the amount of said claims. John M. Bemis was to receive a note, secured by deed of trust on the property, equal to one-fourth of the purchase price at the commissioner's sale, and stock of the corporation equal to the whole of his claim against the Jefferson Lumber Company. Chew was to receive a note, secured by deed of trust on the property, equal to one-fourth of the purchase price at the commissioner's sale. And Robinson was to receive notes, secured by deed of trust on the property, equal to one-fourth of the purchase price at the commissioner's sale, and 40 per cent. of the claims of the National Bank of Commerce against the Jefferson Lumber Company, and the stock of said corporation, equal to 60 per cent. of said claims. In pursuance of this agreement, the parties conveyed the property to the Kildare Lumber Company, and in payment therefor notes were executed, and stock issued, as in the agreement provided. These notes were secured by deed of trust, in which one of the defendants in this case, Mr. L. S. Schluter, was named as trustee. By the terms of the deed of trust he was authorized to sell the property on default in the payment of the notes thereby secured. In the preparation of this deed of trust, the provisions of an act of the legislature of the state of Texas, requiring property in such cases to be sold in the county where located, was overlooked, and it was provided that said property should be sold in Marion county, when, in point of fact, the larger portion of it was located in Cass county. For this reason the trustee could not execute the power. The notes given to John M. Bemis and Chew were paid in full, and the notes executed to Ward were partly paid, but nothing was paid on the notes given to Robinson, which were indorsed to the complainant. Upon default being made in the payment of the notes, complainant began this suit to foreclose the deed of trust, and for the appointment of a receiver of the property of the Kildare Lumber Company. This suit was brought by complainant, not only as the holder of said notes and for foreclosure of said deed of trust, but also as a stockholder in the corporation and for the appointment of a receiver, etc. Besides the Kildare Lumber Company, said W. D. Ward and L. S. Schluter, the trustee in the deed of trust executed by the Kildare Lumber Company, and others, were made defendants. Upon the filing of said bill a receiver of the property of the Kildare Lumber Company was appointed, but was, on motion of that company, subsequently discharged. The Kildare Lumber Company filed an answer, setting forth that a part of the consideration for the notes held by the complainant was an agreement upon its part to surrender to J. H. Bemis the original claims held by it against the Jefferson Lumber Company and J. H. Bemis & Co., and that the agreement had not been complied with. The Citizens' Bank, one of the defendants, by J. H. Rodgers, trustee, filed an answer setting forth its indebtedness against the Jefferson Lumber Company, and that the deeds of trust securing the same were valid and binding. It also filed a cross bill, praying that its debt be established as a lien against the property prior to that of the beneficiaries in the Kildare Lumber Company deed of trust, etc. After the taking of the evidence in the cause, and just prior to the hearing, the Kildare Lumber Company filed a demurrer, and also a plea to the jurisdiction of the court, based on the fact that the trustee, Schluter, and the other defendants were all citizens of the state of Texas. This demurrer and plea to the jurisdiction were overruled. The cause was heard, and a decree entered foreclosing the deed of trust, but giving to the Citizens' Bank claim priority. From this decree the defendant the Kildare Lumber Company appealed to this court, filing the following assignment of errors:

"The appellant, the Kildare Lumber Company, respectfully assigns and submits the following as error committed by the court below in this cause: (1) The court erred in overruling the appellant's demurrer and plea to the jurisdiction of the court and motion in arrest of judgment, because it appeared, from the original bill and from the evidence uncontroverted, that the defendants the Kildare Lumber Company, W. B. Ward, and Lewis S. Schluter were

and are citizens of the same state and district, to wit, the state and Eastern district of Texas, and the plaintiff a citizen of Missouri; and that the said W. B. Ward and Lewis S. Schluter, trustee, were real plaintiffs in interest and should be considered as such,—wherefore it appears that the controversy was not and is not wholly between citizens of different states. (2) The court erred in rendering a decree in favor of defendant T. J. Rogers, assignee of the Citizens' Bank of Jefferson, Texas, upon his cross bill for foreclosure of the deed in trust from the Jefferson Lumber Company to W. R. Camp as trustee, because—First, the court had no jurisdiction of the original bill, nor of the cross bill, for the reasons stated above. Second, the undisputed evidence shows that said trust deed to W. R. Camp, trustee, was made by an insolvent corporation, sought to prefer creditors, and was therefore void as to the creditors and as to appellant. Third, the undisputed evidence shows that the claim of indebtedness alleged to be due by the Jefferson Lumber Company to the Citizens' Bank, and attempted to be secured by said trust deed to W. R. Camp, trustee, was barred by the statutes of limitations of Texas, which was duly pleaded by appellant and defendant the Jefferson Lumber Company. Fourth, no personal judgment is prayed in said cross bill, nor rendered in the decree against the Jefferson Lumber Company. (3) The court erred in rendering decree of foreclosure in favor of defendant W. B. Ward for $5,099.25, because—First, the court had no jurisdiction to render such decree in this cause; second, there was no cross bill or other pleadings by said W. B. Ward upon which to base such decree. (4) The decree of the court is not supported by, and is against, the evidence, because the evidence shows that plaintiff has failed and refused to surrender the evidences of indebtedness held by it against the Jefferson Lumber Company and J. H. Bemis & Co., which surrender was the sole consideration for the notes sued on, and was a condition precedent, the performance of which by plaintiff was essential before any cause of action accrued on the notes sued on by plaintiff in this cause. (5) The court erred in dismissing, without prejudice as to the defendant the Atlanta Bank of Atlanta, Tex., and not rendering its final decree against said Atlanta Bank, and adjudging that it take nothing and pay its costs; because the pleadings of said defendant Atlanta Bank and the evidence put in issue all its rights and equities, if any it had, and required the judgment of the court upon the merits thereof, if any, and appellant was entitled to a final judgment in its favor as against said Atlanta Bank. Of all of which the appellant prays the judgment of the honorable United States circuit court of appeals."

The questions mainly argued in this court were two: First, whether the parties must be so arranged in respect to the matters in controversy as to oust the jurisdiction of the court; second, the question whether the note sued on, as well as the stock delivered to complainant by the Kildare Lumber Company, were issued and delivered wholly upon the consideration of the settlement and satisfaction of the claims and written obligations held by complainant against J. H. Bemis, J. H. Bemis & Co., and the Jefferson Lumber Company, and upon the condition precedent of the surrender of such evidences of indebtedness by the complainant. In regard to the first point, it was contended in behalf of the appellant that Lewis S. Schluter, the trustee in the trust deed sought to be foreclosed, and who was named as a defendant, must of necessity be arranged on the side of the complainant; that his interest was with the beneficiaries under the trust deed, and that consequently there was necessarily a controversy between him and the defendant. It was also insisted that, as W. B. Ward was a coincumbrancer with complainant, he must be arranged on the same side with the latter. As both Ward and Schluter were citizens of Texas, this would necessarily defeat the jurisdiction. On the second question, it was argued for appellant that, both by the terms of the agreement between Robinson, Ward, Bemis, and Chew, for the purchase of the property at the sale and the organization of the Kildare Lumber Company, and also upon the other evidence adduced, the contract was that the evidences of indebtedness held by complainant against the Jefferson Lumber Company, Bemis, and J. H. Bemis & Co. should be surrendered before the new notes could be enforced.

For the appellee it was contended, upon the first point, that Schluter, the trustee, was a mere formal party, without any real interest in the controversy, and that the fact of his being a party did not affect the question of jurisdic-

tion; further, that, under the rule prevailing in the courts of Texas, the execution of the deed of trust did not vest the legal title in him, but merely conferred a power of sale, for which reason he had no interest in the subject-matter, and was not a necessary party to the foreclosure suit. In respect to the citizenship of Ward, it was argued that there was no controversy whatever between him and the defendant; that he merely set up in his answer the amount of his claim, as he was required to do by the bill; that the claim was in no way controverted; and, Ward being president of the defendant company, it was asserted as a matter of fact that he joined with the company in fighting plaintiff's claim, which was the only controversy in which he was involved. In regard to the second point, it was contended that the agreement contained no implications that the original evidences of indebtedness held by complainant must be surrendered on receiving the new notes and stock for which the agreement provided, and that, on the evidence produced, no such agreement was shown.

Chas. S. Todd and M. L. Crawford, for appellant.

R. R. Taylor and F. H. Prendergast, for appellee Rodgers.

G. J. R. Armistead, for appellee Ward.

Elijah Robinson, for appellee National Bank of Commerce.

L. S. Schluter, for appellee Atlanta Bank.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PER CURIAM. In our opinion, none of the assignments of error urged by the appellant are well taken, and therefore the decree appealed from is affirmed.