### AMERICAN NAT. BANK OF WASHINGTON v. TAPPAN et al.

(Circuit Court, D. Massachusetts. November 30, 1909.)

#### No. 621.

1. COURTS (§ 307*)—JURISDICTION OF FEDERAL COURTS—SUIT BY NATIONAL BANK.

Act July 12, 1882, c. 290, § 4, 22 Stat. 163 (U. S. Comp. St. 1901, p. 3458), which provides that jurisdiction for suits by or against national banks shall be the same as for suits by or against banks not national doing business in the same place, deprives the federal courts of jurisdiction of suits by or against national banks by reason of their national incorporation, leaving such jurisdiction dependent on diversity of citizenship alone, unless a federal question is otherwise involved; and under Act March 3, 1887, c. 373, § 4, 24 Stat. 554, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 514), which makes the citizenship of such banks for jurisdictional purposes dependent upon their location, a federal court in a state is without jurisdiction of a suit by a national bank of the District of Columbia against a citizen of such state on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 307.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 279*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—PLEADING.

A federal question, which will give a federal court jurisdiction of a suit, is not presented merely because in the course of the proceedings reference may be had to some federal statute; but it must be shown by the pleadings that there is a controversy concerning the meaning or application of the statute.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 279.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

Action by the American National Bank of Washington against Fannie N. Tappan and trustee. On plea to jurisdiction. Plea sustained.

Barker & Stanton, for plaintiff.

Frank I. Babcock (Edward S. Goulston and Leopold M. Goulston, specially), for defendants.

LOWELL, Circuit Judge. The plaintiff, a national bank, doing business in the District of Columbia, brought an action in this court against the defendant, a citizen of Massachusetts. The defendant appeared specially and pleaded to the jurisdiction of the court. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff. has argued in support of the court's jurisdiction on two grounds:

First. That this court has jurisdiction of suits brought by a national bank doing business in the District of Columbia, inasmuch as the plaintiff is a federal corporation, entitled as such to sue in the federal courts. In the absence of statutory prohibition, any corporation created by the authority of the United States can, by virtue of its incorporation, maintain suit in the appropriate federal court. But Act July 12, 1882, c. 290, § 4, 22 Stat. 163 (U. S. Comp. St. 1901, p. 3458), provided:

"That the jurisdiction for suits hereafter brought by or against any association established· under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun."

This provision of law, which applied to all national banks, including those doing business in the District, in effect deprived this court of its jurisdiction by reason of the national incorporation of any bank. Under that statute, or otherwise, this court could have no jurisdiction of the case at bar by reason of diversity of citizenship, for a bank not national incorporated in the District could not maintain an action on that ground.

Act March 3, 1887, c. 373, § 4, 24 Stat. 554, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 514), provides:

"That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the Circuit and District Courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state."

The statute of 1887 is said to be "similar in its terms to that of 1882." Ex parte Jones, 164 U. S. 691, 693, 17 Sup. Ct. 222, 41 L. Ed. 601. It does not mention national banks located in a territory or in the District of Columbia. Jurisdiction by reason of their incorporation had been abolished by the statute of 1882, and there is nothing in the statute of 1887-88 to revive it. For the purpose of bringing suit in the federal courts, the two statutes, taken together, make the citizenship of a national bank to depend upon its location. For that purpose, therefore, the plaintiff's citizenship must be deemed to be in the District of Columbia, and this court is without jurisdiction, on the ground of diversity of citizenship, of suits brought by any citizen of the District against the citizen of any state. This the plaintiff admits, but contends that, inasmuch as the statute of 1887-88 does not directly apply to a national bank incorporated in the District, therefore this court must be deemed to have jurisdiction of suits brought by such a bank on the ground of its national incorporation. The contention appears to me untenable. The statute of 1887 may not deprive a·bank located in the District of any right of access to the federal courts which it had enjoyed before the passage of the statute,

but it cannot be taken to give back to the plaintiff a right which had been taken away from it by the statute of 1882, and which by the statute of 1887 was denied to the vast majority of national banks. I can find in the statute of 1887 no trace of an intention to permit national banks located in the District and in the territories to have recourse to the federal courts merely by reason of their federal incorporation.

Second. The plaintiff argues for jurisdiction on the ground that a federal question is involved. The plaintiff has declared on a guaranty of indebtedness alleged to have been made by the defendant. The federal laws and statutes are not brought into controversy further than that the contract may be deemed to have been entered into in view of the laws in force in the District. That there is any controversy concerning the meaning or application of these statutes and laws is nowhere suggested. A federal question is not presented merely because in the course of the proceedings reference may be had to some federal statute. There must be shown a controversy concerning the meaning or application of the statute to give this court jurisdiction. If the plaintiff were right, a citizen of the District, alleging an assault made upon him in Washington by a citizen of Massachusetts, might sue for the personal injury in this court, on the ground that the law of the District defining assault and battery must be taken to control.