**LOUGHRAN et al. v. QUAKER CITY CHOCOLATE & CONFECTIONERY CO., Inc.**

(District Court, E. D. Pennsylvania. May 1, 1922.)

No. 2493.

**1. Courts ⊕347—Separate and distinct causes of action may be joined.**

Under equity rule 26 (201 Fed. v, 118 C. C. A. v), a plaintiff may join in one bill as many causes of action cognizable in equity as he may at the time wish to assert against the defendant, and those causes may be wholly independent, separate, and distinct, having no connection or relation whatever with each other.

**2. Courts ⊕347—Statement certificates of registration of trade-mark were fraudulently obtained is a conclusion.**

An allegation in a bill that the certificates of registration of a trade-mark issued to defendant were fraudulently, improperly, and illegally obtained is nothing more than the statement of a conclusion of law, and is not a statement of the ultimate facts required to be stated by equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv).

**3. Trade-marks and trade-names and unfair competition ⊕44—Bill in equity does not lie to review registration.**

Rev. St. § 4915 (Comp. St. § 9460), providing that when an application, which is construed to include application for trade-mark registration, is refused either by the Commissioner of Patents or by the courts of the District of Columbia, the applicant may have his remedy by bill in equity to compel the issuance of the trade-mark, does not authorize a bill in equity to review the issuance of a trade-mark to another, which can be reviewed by appeal to the courts of the District of Columbia, under Act Feb. 20, 1905, § 10 (Comp. St. § 9494), taken by any one opposing the registration.

**4. Trade-marks and trade-names and unfair competition ⊕44—Whether allegations in bill, attacking defendant's trade-mark are proper, reserved until hearing.**

Whether, in a bill to compel the issuance of a certificate of registration of a trade-mark, brought under Rev. St. § 4915 (Comp. St. § 9460), alle-

gations attacking the issuance of certificate of registration for defendant's trade-mark are proper, can best be determined upon the final hearing, when the relation between the two trade-marks will be fully disclosed, so that such allegations will not be stricken on motion, as might be done under equity rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv), but permission will be granted to raise the question by answer, as authorized by rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi).

In Equity. Suit by Christine M. Loughran and another against the Quaker City Chocolate & Confectionery Company, Inc. On motion to dismiss the bill of complaint in part. Motion denied, with leave to defendant to raise the same question by answer.

Joshua R. H. Potts, of Philadelphia, Pa., for plaintiff.
Howson & Howson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] Under rule 26 (201 Fed. v, 118 C. C. A. v) a plaintiff may join in one bill as many causes of action cognizable in equity as he may at the time wish to assert against the defendant. These causes of action may be wholly independent, separate, and distinct, having no connection or relation whatever with each other. Counsel for defendant does not dispute the right of the plaintiff to do this. His analysis of the bill in the instant case is that it possesses this characteristic of what is really two bills of complaint in one. The first cause of action is asserted under R. S. § 4915 (Comp. St. § 9460). This is in a sense or in one phase an appellate proceeding, although in another phase it is wholly de novo.

The plaintiff applied for the registration of a trade-mark. This the Commissioner refused to register. One purpose of the present bill is to secure an order under R. S. § 4915, authorizing the Commissioner of Patents to make the registration and issue a certificate thereof. No question of the right of the plaintiff to maintain a bill for this purpose is raised.

A second purpose of the bill is to secure an adjudication in this court that the defendant has no lawful right to the trade-mark to which it lays claim, and to adjudge that the registration allowed by the Commissioner be "canceled." It is to this part of the bill of complaint the defendant takes exception. The grounds of exception are, in one aspect of the criticism made of the bill, that no cause of action is disclosed, and that, in another aspect this court has no jurisdiction to adjudicate the rights of the parties.

[2] Rule 25 of the Equity Rules (198 Fed. xxv, 115 C. C. A. xxv) requires a statement of the ultimate facts upon which the cause of action of the plaintiff depends to be stated. There is in this bill no such averment. The only thing which approaches it is the closing averment in paragraph 5, which is to the effect that the certificates of registration issued to the defendant "were fraudulently, improperly, and illegally obtained." It is clear that this is nothing more than the statement of a conclusion of law.

[3] There is a complete system regulating the registration of trade-marks. R. S. § 4915, provides that, when an application (construed to

include applications for trade-mark registration) is refused, either by the Commissioner or by the court of the District of Columbia to which the cause may have been taken upon appeal, the applicant may have his remedy by such a bill, as in the instant case. In like manner, the Act of February 20, 1905 (Comp. St. § 9494), gives to any party who is opposing the registration the right of appeal to the Court of Appeals for the District of Columbia.

It is in consequence argued that this is the prescribed, and because of this the exclusive, method of procedure. The same rules of practice and procedure which govern in the case of an appeal in a patent case are to govern in trade-mark cases, but this is limited to appeals from the Commissioner which go to the proper court in the District of Columbia. There is no specific allowance of an appeal in the form of a bill in equity in the case of the issuance of certificates of registration as there is in the case of a refusal to issue.

The two conclusions which the defendant has reached would seem to follow. One is that no fact averments have been made upon which this second ground of complaint is founded, other than the issuance of the certificates by the Commissioner. The latter averment would give a cause of action, but it is wholly in the nature of and by way of appeal, and that appeal must be made to a court in the District of Columbia, and is not to be taken to any District Court which might happen to have jurisdiction of the parties.

[4] The foregoing analysis, however, does not set forth all the functions of these averments in the bill of complaint. A further one is the denial by anticipation of any rights in the defendant by virtue of the issuance to it of the registrations referred to in the bill. Such an averment would seem, however, to have no proper place in a bill of complaint filed for the purposes of this bill. The whole question would seem, however, to resolve itself into one of practice. Under rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv) the court might strike out any of the averments of this bill which were deemed to be impertinent. Under rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) the questions desired to be raised can be raised upon a motion to dismiss or in the answer. When the question raised is one involving a point of law, the court may dispose of it ad interim, or refer it to final hearing. As at present advised, we see no need that the question raised be presently determined. Evidently the real controversy between these parties is over their respective rights to sell their product under a trade-name. This makes the rights of each more or less interdependent, in the sense that the right of one can be best determined in the light of the rights of the other. A full disclosure of all the facts which bear upon the claimed rights of each may in consequence be helpful to the determination of the rights of either.

This supplies us with a good reason for not determining now the questions raised. The bill filed by the plaintiff may well be viewed as a bill raising two causes of complaint. One is in effect a complaint of the act of the Commissioner of Patents in refusing to issue a certificate of registration of the trade-mark which plaintiffs claim; the other is a complaint of the use of a trade-mark by the defendant which the

plaintiff deems to be a trespass upon her rights. As before indicated, each of these complaints may have an evidential relation to the other. This is a reason, as before stated, for hearing both. There are likewise two prayers for relief, or rather prayers for two different kinds of relief. One is that the plaintiff should be in a position to secure registration of the trade-mark to which she lays claim; the other is that the defendant should be denied the use of the trade-marks which have been registered. It may well be that it will be determined that the plaintiff in no event has the right to this second specific relief. No harm which we now foresee can result from having this finding made deferred until final decree.

The motion to dismiss is denied, with leave to the defendant to raise the same question in any answer which it may file to the bill of complaint.