### MERRILL et al. v. ATWOOD et al.

(District Court, D. Rhode Island. March 19, 1924.)

No. 160.

1. **Courts** ⬅️343—**Party refusing to join as plaintiff may be made defendant.**

Where beneficiaries bring a suit in a federal District Court, and trustee refuses to join as party plaintiff, under equity rule 37 he may be made a party defendant.

2. **Courts** ⬅️317—**Trustee not realigned as party plaintiff and regarded as sole representative of plaintiff beneficiaries.**

Where the only duty of defendant trust company is to pay over funds either to plaintiffs as beneficiaries or to another defendant as heir at law, on the question of diverse citizenship, *held*, that the trust company should not be realigned as party plaintiff and regarded as the sole representative of all beneficiaries and their citizenship disregarded.

3. **Courts** ⬅️307(2)—**District Court without jurisdiction of suit between citizen of state and citizen of District of Columbia.**

A federal District Court is without jurisdiction of a suit between a citizen of a state and a citizen of the District of Columbia.

In Equity. Suit by Annetta S. Merrill and others against Kate Atwood and others. On plaintiffs' motion to remand and motion in lieu

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of a plea to the jurisdiction, and defendant's motion to strike out the motion in lieu of plea. Plaintiffs' motions sustained, and defendant's motion denied.

Edward M. Burke, of Westerly, R. I., and Edwards & Angell, of Providence, R. I., for plaintiffs.

Lyman K. Clark, of Boston, Mass., and Huddy, Emerson & Moulton, of Providence, R. I., for defendants.

BROWN, District Judge. In the petition to remove this case from the state court, it is alleged:

"That all of the defendants other than your petitioner are interested in common or jointly with the plaintiffs, are acting in concert with them in opposing your petitioner's several claims as aforesaid, and for the purpose of removal should be realigned with the plaintiffs."

[1] Had the case been brought originally in this court the plaintiffs would have been entitled, under equity rule 37, to make the Rhode Island Hospital Trust Company a party defendant on account of its refusal to join as a party plaintiff.

[2] Upon the question of realignment the defendant relies upon Hamer v. New York Railways Co., 244 U. S. 266, 274, 37 Sup. Ct. 511, 61 L. Ed. 1125, to support its contention that the trust company must be aligned as a party plaintiff. In that case no reason was assigned for the refusal of the defendant trust company to sue; and the court observed:

"None suggests itself save the willingness of an accommodating trustee to enable its beneficiaries to present that appearance of diversity of citizenship essential to conducting this litigation in the federal court."

In the present case, however, it is shown that the refusal of the trust company to sue as a plaintiff was based upon the decision of the Circuit Court of Appeals for the First Circuit in Atwood v. R. I. Hospital Trust Co., 275 Fed. 513, 24 A. L. R. 156, and upon the advice of counsel. Although that case related to personal property and the present case to real property, the present defendant can hardly deny that that decision raised grave doubts as to the duty of the trust company to accept, or proceed to execute, the testamentary trust for the conversion of the Newport real estate into cash, or to involve the existing trust, created during the life of the testator, in the expense of further litigation over the question whether the testamentary disposition of the real estate was valid.

That the trust company, before consenting to become a party plaintiff to the present suit, should have taken advice of counsel, or sought the instructions of a court of equity as to its duty, is apparent. In its answer the trust company has submitted to the court the question of its duty under the particular circumstances.

It furthermore appears by testimony taken by stipulation, in the form of affidavits, that the real estate in question has been sold by agreement between the defendant and the trust company, and that title thereto has passed to the purchaser under deeds from both, the proceeds remaining in the possession of the trust company to await the outcome of the litigation. So far as appears, the only duty of the

trust company is to pay over the fund when it shall be determined whether it belongs to the defendant as heir at law or to the beneficiaries under the trust. I am therefore of the opinion that the trustee should not be realigned as a party plaintiff, and that there should be imposed upon it no active duty to establish the rights of either party to the proceeds.

While it is doubtful if the citizenship of the trust company, a formal defendant who had submitted the question of its duty to the chancellor, should be regarded as a sufficient ground for holding that the real controversy is not between citizens of different states, and while there is reason for disregarding its citizenship upon a realignment of parties (see Salem Trust Co. v. Manufacturers' Finance Co., 44 Sup. Ct. 266, 68 L. Ed. —— [Feb. 18, 1924]), it would be wholly artificial to align it as a plaintiff and then to regard it as the sole representative of all the beneficiaries and to disregard the citizenship of those plaintiffs who in their own right have instituted and have taken upon themselves the burden of the litigation. The trust company neither asserts nor denies the title of the heir at law, and the court cannot now say that it fails in its duty in view of the reasons it gives for remaining passive in the controversy.

But the question whether it was the duty of the trust company to accept the testamentary trust and by sale convert the Newport real estate into cash has become a moot question. As the trust company and the heir at law have found a way to obviate a decision as to the duty of the trustee, and as the trust company holds the proceeds to await the result of the litigation, we have now to consider only the rights to distribution. Upon this question the position of the trust company is practically that of a stakeholder—the plaintiffs claim the fund under the will; the defendant claims it as heir at law. The trust company can pay it to neither without risk of a suit by the other, unless by direction of the court, which cannot be given without a decision that the real estate did or did not pass under the will.

[3] We should not lose sight of the fact that as a matter of substantial right the plaintiffs and other beneficiaries under the testamentary trust have the equitable and ultimate interest. Story's Equity Pleadings, § 207. As the record stands, the defendant, Kate Atwood, is a citizen of Massachusetts; one of the plaintiffs is also a citizen of Massachusetts; and upon realignment another citizen of Massachusetts, now defendant, would appear as plaintiff. There are also two plaintiffs who are citizens of the District of Columbia. Of a suit between them and a citizen of any state this court is without jurisdiction. American National Bank v. Tappan (C. C.) 174 Fed. 431, 432, affirmed in 217 U. S. 600, 30 Sup. Ct. 697, 54 L. Ed. 897; Hooe v. Jamieson; 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049. The right of the defendant to federal jurisdiction does not exist unless we disregard the citizenship of the beneficiaries, who have properly brought suit in their own right, and resort to the fiction that a trustee who has by them properly been made a defendant on account of its refusal to act is a proper and suitable representative of all the plaintiffs. I find no authority which justifies ignoring the citizenship of the beneficiaries who have in good faith instituted an action in their own names. They

are the real parties in interest, and must remain as plaintiffs even if it were proper to add the trust company as a coplaintiff.

The motion to remand is granted on the ground that the case presents no controversy, separable or inseparable, between citizens of different states.

The plaintiff's motion in lieu of plea is sustained.

Motion to strike out is denied.