## HIRSCH et al. v. STONE et al.

No. 6623.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1932.

Victor Leovy and John L. Toler, both of New Orleans, La., and John B. King and John Humphrey, both of Wichita Falls, Tex., for appellants.

Geo. A. Smoot, of Wichita Falls, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

## HUTCHESON, Circuit Judge.

This is an appeal dismissing for want of jurisdiction, a foreclosure suit brought in the Northern District of Texas, by citizens of Louisiana, owners and holders of notes secured by a deed of trust on Texas property, against Stone, the maker, Holliday, the trustee, and Francis and others who had purchased some of the property subject to the lien, all citizens of Texas, and residents of the Northern District.

The bill alleged that the Southern Mortgage Company, a Texas corporation, the nominal payee in the notes, had never had any real interest in them. That plaintiffs were the owners of the notes by purchase from the Mortgage & Securities Company, a Louisiana corporation, who, the real, the beneficial owner of the notes, had advanced and paid to Stone the money he borrowed on them through the agency of the Southern Mortgage Company.

It was further alleged that Holliday, the Texas trustee, had refused to file the suit and

to foreclose the deed of trust; that he had attempted to resign, or had resigned; and that he had no further right, title, or interest in the property. Copies of the notes and deed of trust are attached to the petition as exhibits. The deed of trust is in the form ordinarily used in Texas. The only provisions in it significant here are the provisions authorizing the trustee, in the event of default, on application of the holder of the notes to advertise the property for, and sell it at, public sale, at the courthouse door of the county and the provision for the appointment by the holder of the notes, of a successor and substitute trustee with all the power and authority possessed by his predecessor, in the event of the death, inability, refusal or failure of the original trustee to act.

Appellee urges here two of the grounds of dismissal urged below: (1) That it appearing from the bill that the Southern Mortgage Company, a citizen of Texas, was the payee in the notes, plaintiffs, assignees of them, cannot sue in the federal court because it could not do so; (2) that Holliday, though named a defendant, was really a plaintiff; that as trustee in the deed of trust, vested with the legal title, he was a necessary party whose interest aligned him with plaintiffs to defeat the jurisdiction.

The District Judge thought there was no merit in the first ground. He held it to be settled law that the citizenship of a nominal payee does not affect the jurisdiction of the federal court; that this is determined by the citizenship of the real payee. Holmes v. Goldsmith, 147 U. S. 150, 13 S. Ct. 288, 37 L. Ed. 118; Blair v. Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801; Citizens' Savings Bank & Trust Co. v. Sexton, 264 U. S. 310, 44 S. Ct. 338, 68 L. Ed. 703. In this he was right. The bill, which, on a motion to dismiss it, must be tested by its own averments, clearly and unequivocally shows that the Southern Mortgage Company's connection with the notes was only nominal, and that plaintiffs had purchased them from the real owner, a Louisiana corporation. The Texas citizenship of the mortgage company was no impediment to plaintiffs' suit.

On the other point, however, he held with defendant. Holding that Holliday, the trustee, was vested with the legal title to the property; that he was a necessary party plaintiff; and that his Texas citizenship ousted the court of jurisdiction, he sustained the motion and dismissed the bill. In doing so, he erred.

122

Jurisdiction is not defeated by the joinder, or failure to join formal or unnecessary parties. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 190, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867.

It is a rule of property in Texas that an ordinary deed of trust with power of sale, executed to secure a lien is the same in legal effect as a mortgage with power of sale, and that it conveys no title to the trustee. Texas Loan Agency v. Gray (Tex. Civ. App.) 34 S. W. 650, 651. It is settled. law there that the title remains in the mortgagor, and that the only interest which the trustee has is the power, as agent of the mortgagor, to bring about a sale when requested under the terms of the instrument. Alliance Milling Co. v. Eaton, 86 Tex. 410, 25 S. W. 614, 24 L. R. A. 369. Because of this rule of property, it is settled for Texas and for this circuit by cases where the precise point was decided, that such a trustee, having neither title to nor interest in the property, is not a necessary party to a suit to foreclose the lien. Hammond v. Tarver, 89 Tex. 293, 32 S. W. 511, 34 S. W. 729; Sneed v. Joyce Land & Cattle Co. (Tex. Civ. App.) 254 S. W. 479; Kildare Lbr. Co. v. National Bank of Commerce (C. C. A.) 69 F. 2.

Further, though jurisdiction cannot be conferred by the collusive, colorable refusal of a trustee with title to sue (Hamer v. N. Y. Rys. Co., 244 U. S. 266, 37 S. Ct. 511, 61 L. Ed. 1125), neither can it be defeated by realigning with plaintiffs a trustee sued as defendant, who though he should be on the same side with plaintiffs, has taken a position antagonistic to them, and has refused to act in their behalf.

Holliday, upon the bill whose averments, on motion to dismiss, test it, refused to cooperate with plaintiffs. He took a position really antagonistic to them; he threatened to resign, or resigned. In this situation plaintiffs had the right, if they were advised to sue him, to make him a defendant without effect upon the jurisdiction. Equity Rule 37 (28 USCA § 723); Georgia S. & F. R. Co. v. Einstein (C. C. A.) 218 F. 55, 58; Omaha Hotel Co. v. Wade, 97 U. S. 13, 24 L. Ed. 917; Merrill v. Atwood (D. C.) 297 F. 630.

The court should have overruled the motion to dismiss and retained the bill for hearing. If upon hearing the jurisdictional facts appear substantially as alleged in the bill, the cause should proceed upon its merits. Citizens' Savings Bank & Trust Co. v. Sexton, 264 U. S. 310, 44 S. Ct. 338, 68 L. Ed. 703; Stromberg Motor Devices Co. v. Holley

Bros. Co. (D. C.) 260 F. 220; Loughran v. Quaker City Chocolate & Confectionery Co. (D. C.) 281 F. 186.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.